**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BECKLEY**

TIMOTHY B. FRAME,

        Petitioner,

v.                                                                                   CIVIL ACTION NO. 5:25-cv-00601

ASHLEY KELLY,
*Used to be teacher at Cranberry elementary* and
GARRETT MULLINS,
*CPS* and
BRAIN SNUFFER,
*CPS* and
LATACHIA MILLER,
*Guardian ad litem* and
CHILD PROTECTIVE SERVICES,
*Agency* and
CRANBERRY ELEMENTARY and
RALEIGH COUNTY SCHOOL and
DHHR and
RACHEL,
*On the blvd* and
NECCO,
*foster care* and
BOARD OF EDUCATION,
*Raleigh County* and
JOHN DOE,
*Director of DHHR/CPS/Beckley*

        Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Timothy B. Frame's Application to Proceed Without

Prepayment of Fees and Costs [ECF 1] and Complaint [ECF 2], both filed October 10, 2025.

**I.**

On October 10, 2025, Mr. Frame filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF 1] and a Complaint [ECF 2]. The action stems from a state-initiated proceeding that resulted in the removal of his daughter from his custody. [*See* ECF 2; ECF 4 at 1-4]. The Complaint alleges (1) violations of his civil rights, including constitutional violations under the First, Fourth, Eighth, Thirteenth, and Fourteenth Amendments, and (2) the following violations: "1984 KKK Act[,] § 61-6-25 x25, falsified police reports, human trafficking of minor child, fraud, dozen civil right violations, extortion, Abduction, sexual abuse of minor child, & a dozen WV codes law." [ECF 2 at 5].

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on October 20, 2025. [ECF 4]. Magistrate Judge Aboulhosn recommended that the Court deny the Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, dismiss the Plaintiff's Complaint, and remove this matter from the Court's docket. [*See* ECF 4].

Objections in this case were due on November 6, 2025. On November 5, 2025, Mr. Frame filed a letter-form motion styled "Continuation Statement Correction Amendment / to Motion to Continue Abjection Motion to Continue & Add to Case," which has been docketed as an objection to the PF&R. [*See* ECF 5].

**II.**

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C.

2

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460.

### III.

After an exhaustive review, Magistrate Judge Aboulhosn concluded, *inter alia*, (1) subject matter jurisdiction was lacking inasmuch as none of the allegations could establish either a constitutional violation or a conspiracy pursuant to 42 U.S.C. § 1985, [ECF 4 at 5–7], (2) the Complaint is frivolous and fails to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), [*id.* at 7–9], and/or (3) the Court should abstain from exercising jurisdiction

pursuant to the *Younger*-abstention doctrine inasmuch as the proceedings involve a state court abuse and neglect proceeding, *see Younger v. Harris*, 401 U.S. 37 (1971). [*Id.* at 9–10]. Accordingly, Magistrate Judge Aboulhosn recommended that the Court deny the Mr. Frame's Application to Proceed Without Prepayment of Fees and Costs, dismiss the Complaint, and remove this matter from the Court's docket. [*See* ECF 4].

Mr. Frame's objections are difficult to construe; however, it appears he (1) repeats and expands upon the allegations in the Complaint regarding the alleged conspiracy to take his daughter, and (2) asserts new allegations regarding, *inter alia*, stolen property, vandalization of his property, trespass, hacked accounts, identity theft, stalking and harassment, false imprisonment, and defamation. [*See generally* ECF 5].

To the extent the letter-form motion can be construed as presenting objections to the PF&R, the objections are **OVERRULED** inasmuch as they (1) fail to direct the Court to a specific error in Magistrate Judge Aboulhosn's findings, and (2) any additional factual allegations are nevertheless alleged in the same incoherent and fantastical manner as the allegations in the Complaint, which likewise do not meet pleading requirements. Therefore, Magistrate Judge Aboulhosn's analysis is not impaired.

**IV.**

Accordingly, the Court **OVERRULES** the Objections, [**ECF 5**], **ADOPTS** the PF&R [**ECF 4**], **DISMISSES** the Complaint [**ECF 2**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 2, 2026

Frank W. Volk
Chief United States District Judge

4